IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 13-381

| | | |
|---|---|---|
| DAZZLE UP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| LML INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Dazzle Up, LLC ("Dazzle Up" or "Plaintiff"), through counsel, for its Complaint against LML Investments, LLC ("LML") hereby alleges and says as follows:

**NATURE OF THE ACTION**

1.      This action arises under the trademark laws of the United States, Title 15, United States Code and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et, seq.*, among other laws.

2.      For years LML has been contacting Dazzle Up over the use of designs on t-shirts incorporating one or more of the phrases "country boy" and "country girl."

3.      Dazzle Up does not use the phrases "country girl" or "country boy" as trademarks.

4.      LML has threatened claims against Dazzle Up, apparently taking the position that LML has removed from the linguistic commons and reserved for itself the exclusive and monopolistic use of the common phrases "country boy" and "country girl" when used in any way in connection with apparel and certain other products, even if the

use is non-trademark use, ornamental use, descriptive use or fair use. In doing so, LML disregards the fundamental point that trademark rights have limits. LML cannot remove certain phrases from common parlance or in this context.

5. Most recently, LML has renewed its assertions that Dazzle Up is violating LML's claimed rights and threatened to "press on to enforce its rights" if Dazzle Up did not cease the use of the "country girl" and "country boy" on its t-shirts and other products by May 3, 2013. LML has also wrongfully contacted at least one third-party concerning this matter, causing harm to Dazzle Up.

6. Dazzle Up files this action seeking a declaration of non-infringement and non-violation of LML's claimed rights, damages caused by LML's interference with Dazzle Up's business, and related remedies.

## PARTIES, JURISDICTION AND VENUE

7. Dazzle Up is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Guilford County, North Carolina. Dazzle Up is also known as Simply Southern Tees and was formerly known as Simply Southern Chic.

8. Upon information and belief, LML is a limited liability company organized and existing under the laws of Ohio, with its principal place of business in Blacklick, Ohio.

9. This Court has subject matter jurisdiction over this matter as it arises under the trademark laws of the United States and the Federal Declaratory Judgment Act. Thus, jurisdiction is proper under, at a minimum, 28 U.S.C. §§ 1331 & 1367, 15 U.S.C.

2

§ 1114 *et seq.* and 28 U.S.C. § 2201 *et seq.*

10.    Personal jurisdiction in this Court over LML is proper under N.C. Gen. Stat. § 1-75.4, among other laws and constitutional principles, due to the following among other actions:  (a) LML holds itself out as an international apparel company, advertising and selling its products throughout the United States, including in North Carolina; (b) LML has asserted that it sells relevant products in North Carolina; (c) LML operates a highly interactive website through which products may be purchased and contests may be entered by consumers in North Carolina; (d) LML has introduced into the stream of commerce for sale or distribution in and to North Carolina products and advertising under the claimed trademarks; (e) LML has sent multiple written cease and desist communications to Dazzle Up in North Carolina; (f) LML reached an accord and satisfaction with Dazzle Up regarding matters at issue in this suit; (g) LML committed tortious interference with contract with impact upon Dazzle Up in North Carolina; and (h) LML has conducted extra-judicial enforcement actions directed against Dazzle Up in North Carolina in that LML caused Etsy.com ("Etsy") to remove one or more of Dazzle Up's products sold through Etsy's e-commerce website, causing harm to Dazzle Up, and with such actions being purposefully designed to impair Dazzle Up's business in North Carolina.

11.    Venue is proper in this District as a substantial part of the events giving rise to Dazzle Up's claims occurred in this District, and LML is subject to personal jurisdiction in this District.

## FACTS

12.    The phrases "country boy" and "country girl" have been in common usage for generations. For example, John Denver released "Thank God I'm a County Boy" in 1975, and Hank Williams, Jr. released "A Country Boy Can Survive" in 1982.

13.    A hundred years before John Denver and Hank Williams, Jr.'s chart toping hits, C.H. Barney wrote A COUNTRY BOY'S FIRST THREE MONTHS IN THE ARMY (1880).

14.    The phrases "country boy" and "country girl" are descriptive terms which have been used by many persons, for generations, to describe where they are from.  The phrases also describe an attitude and general way of life.

15.    As one of the t-shirts at issue in this litigation says "Country Girls . . . talk sweet, listen to country music, know how to hunt, love cowboy boots, t shirt and ripped jeans, favorite color is camo, they weren't raised on an asphalt farm, They are Country By birth and Christian by the Grace of God . . ."  In the context of such a t-shirt, the phrase "country girl" describes its wearer, as well as being part of an ornamental design and communicating an informational slogan or message.

16.    Despite the fact that "country boy" and "country girl" have been widely and descriptively used for generations as a group identifier—and hailing card—LML, or its predecessor in interest, filed trademarks for COUNTRY GIRL and COUNTRY BOY in class 25, apparel (Reg. No. 3,041,648 and Reg. No. 3,041,646) in 2005 ("LML's Trademarks").

17.    Dazzle Up first encountered LML in September 2011, when Larry Levine, LML's president, sent a cease and desist letter to Dazzle Up via e-mail. He asserted

4

trademark infringement and other violations and complained of t-shirts bearing the following phrases: "Country Girl" underneath a deer in camo background; "Forget Prince Charming, I've got a Country Boy with a Big Ol Heart;" and "Country Girls love their Country Boys." He demanded that the Dazzle Up remove these t-shirts from its website by the close of the same business day.

18.     Dazzle Up immediately responded, denying any and all liability, and also agreeing, in order to resolve the matter and avoid unnecessary expense, to remove its t-shirts incorporating the phrase "country girl" under the deer design. Dazzle Up reserved the right to use the phrases "country girl" and "country boy" in the future, and in fact, continued to sell the other t-shirts at issue. Dazzle Up believed the matter had been resolved. Over a year passed, and LML did not object to Dazzle Up's continued sale of the other t-shirts.

19.     On April 1, 2013, LML, by and through counsel, again sent a cease and desist letter to Dazzle Up asserting a variety of trademark claims. Among other designs, LML again complained about the same phrases that were at issue in 2011: "Forget Prince Charming, I've got a Country Boy with a Big Ol Heart;" and "Country Girls love their Country Boys." A true and copy of this cease and desist letter is attached hereto as Exhibit A.

20.     In response to that demand, Dazzle Up again denied liability and LML was reminded of the prior resolution of the matter.

21.     Through a letter emailed on April 28, 2013, LML demanded that Dazzle Up cease all use of the phrases "country girl" or "country boy" on or before May 3,

5

2013. Otherwise, LML would "press on to enforce its rights."

22. In April 2013, LML also contacted Etsy, with whom Dazzle Up contracts to use Etsy's e-commerce website to sell t-shirts, and demanded that Etsy remove two of Dazzle Up's designs incorporating the phrase "country boy" or "country girl." Due to LML's request, Etsy removed Dazzle Up's t-shirts with resulting harm to Dazzle Up.

## FIRST CLAIM FOR RELIEF
### (Declaration of Non-infringement)

23. The allegations contained in Paragraphs 1-22 are incorporated by reference as if fully set forth herein.

24. A real and justiciable controversy exists between LML and Dazzle Up regarding LML's allegations of trademark infringement and related violations.

25. LML has stated that Dazzle Up has infringed LML's alleged rights to trademarks in "country girl" and "country boy," including without limitation U.S. Trademark Reg. Nos. 3,041,648 and Reg. No. 3,041,646, and claimed that Dazzle Up has committed trademark infringement, trademark dilution, unfair competition and counterfeiting, and other related trademark violations.

26. Dazzle Up does not use the phrases "country girl" or "country boy" as a trademark.

27. Dazzle Up's use of the phrases "country girl" or "country boy" has been non-trademark use, ornamental use, merely informational use, descriptive use, and/or fair use.

28. Dazzle Up's display of the phrases "country girl" or "country boy" has

6

typically been part of display of a longer phrase and/or with design elements, such as boots, deer, hearts and other images.

29.    LML's rights, if any, in its asserted trademarks are weak and/or narrow, and Dazzle Up has not violated such rights.

30.    LML's claimed trademarks have not acquired distinctiveness and are not famous.

31.    There is no likelihood of confusion between LML's claimed trademark rights and any trademarks, designs or actions in question of Dazzle UP.

32.    Dazzle Up's actions are not likely to dilute LML's claimed trademark rights.

33.    Dazzle Up has not used counterfeits of LML's claimed trademarks.

34.    Dazzle Up and LML reached an accord and satisfaction concerning the matters in issue and have previously resolved these matters, and LML therefore has no valid claims to assert against Dazzle Up concerning these matters.

35.    Dazzle Up has not committed and is not liable for the asserted claims by LML, including claims of trademark infringement, trademark dilution, unfair competition and counterfeiting, and other related trademark violations.

36.    Dazzle Up is therefore entitled to a declaration that:

   a. Dazzle Up's manufacture, sale, offering for sale, and distribution of its products is not likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Dazzle Up and LML, and as to the origin, sponsorship, or approval by

7

LML of Dazzle Up's products in violation of 15 U.S.C. § 1125(a)

b.  Dazzle Up has not used in commerce any reproduction, counterfeit, copy, or colorable imitation of LML's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

c.  Dazzle Up has not reproduced, counterfeited, copied, or colorably imitated LML's Trademarks or applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use in a manner likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

d.  Dazzle Up has not commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of a famous mark, if any, owned by LML in violation of 15 U.S.C. § 1125(c).

e.  Dazzle Up has not otherwise committed trademark infringement, trademark dilution, unfair competition and counterfeiting, and other related trademark violations against LML or the rights claimed by

8

LML.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Contract)

37.    The allegations contained in Paragraphs 1-36 are incorporated by reference as if fully set forth herein.

38.    Dazzle Up had one or more valid and enforceable contracts and/or contractual relations with Etsy.

39.    Over the years, LML has been represented by multiple national law firms. Common sense, coupled with LML's previous representation, strongly indicates that LML knows that its rights in the "country girl" and "country boy" phrases (the "LML Alleged Trademarks") are thin to non-existent and also that its rights, if any, do not extend against ornamental, informational, fair, descriptive and non-trademark uses by others.

40.    Despite LML's knowledge of the weakness of and limitations on the LML Alleged Trademarks, LML intentionally contacted Etsy to have Dazzle Up's products and designs wrongly removed.

41.    In doing so, LML acted without justification.

42.    LML therefore tortiously interfered with Dazzle Up's contract with Etsy.

43.    Dazzle Up has been damaged by LML's tortious interference in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices – N.C. G. S. § 75-1.1)

44.    Dazzle Up repeats and incorporates herein by reference the allegations of

9

paragraphs 1-43 above as if set forth here in full.

45.     LML is bullying persons and companies, including Dazzle Up, by claiming

infringement or other violations of the LML Alleged Trademarks.  Upon information and

believe, LML knows the allegations are not true or it is recklessly disregarding facts

showing that its allegations are not true.

46.     LML tortiously interfered with Dazzle Up's contract with Etsy.

47.     Defendant's actions described above constitute unfair and/or deceptive

trade practices in violation of N.C.G.S. § 75-1.1.

48.     Defendant's unfair and/or deceptive actions are in and affecting commerce.

49.     Dazzle Up has been damaged in an amount to be determined at trial as a

result of the conduct complained of herein, plus attorney's fees and costs.

50.     Such damages award should be trebled as set forth under the laws of North

Carolina.

### JURY REQUEST

51.     Dazzle Up requests a jury trial of all issues so triable.

**WHEREFORE,** Plaintiff Dazzle Up, LLC, prays for relief as follows:

1. For a declaration that:

    a. Dazzle Up's manufacture, sale, offering for sale, and distribution of its

       products is not likely to cause confusion, or to cause mistake, or to deceive

       the consumer as to the affiliation, connection, or association of Dazzle Up

       and LML, and as to the origin, sponsorship, or approval by LML of Dazzle

       Up's products in violation of 15 U.S.C. § 1125(a)

b. Dazzle Up has not used in commerce any reproduction, counterfeit, copy, or colorable imitation of LML's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

c. Dazzle Up has not reproduced, counterfeited, copied, or colorably imitated LML's Trademarks or applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use in a manner likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

d. Dazzle Up has not commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of a famous mark, if any, owned by LML in violation of 15 U.S.C. § 1125(c).

e. Dazzle Up has not otherwise committed trademark infringement, trademark dilution, unfair competition and counterfeiting, and other related trademark violations against LML or the rights claimed by LML.

2. For a permanent injunction enjoining LML and its directors, officers, employees, representatives or agents, and any persons or entities in active concert or participation with them, from sending a cease and desist letter to Dazzle Up or starting

any other extra-judicial or judicial enforcement of the LML Trademarks against Dazzle

Up without first showing good cause to this Court for taking such action;

      3.      For an award of compensatory damages;

      4.      For an award of treble damages;

      5.      For an award of attorney fees, interest, including prejudgment interest, and

costs;

      6.      For a jury trial on all issues so triable; and

      7.      For such other and further relief as the Court deems just and proper.

    This the 3rd day of May, 2013,


                  /s/ Clint S. Morse
                  David W. Sar
                  N.C. State Bar No. 23533
                  Clint S. Morse
                  N.C. State Bar Number 38384
                  *Attorneys for Plaintiff*


                  **BROOKS, PIERCE, MCLENDON,**
                   **HUMPHREY & LEONARD, L.L.P.**
                  Suite 2000 Renaissance Plaza
                  230 North Elm Street (27401)
                  Post Office Box 26000
                  Greensboro, North Carolina 27420
                  Telephone:   336/373-8850
                  Facsimile:   336/378-1001
                  E-mail:       dsar@brookspierce.com
                  E-mail:       cmorse@brookspierce.com